UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAY WYNN, | ) | CASE NO. 4:08CV0926 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Ray Wynn filed the above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Wynn, who is confined at the Federal Correctional Institute in Elkton, Ohio ("F.C.I. Elkton"), filed this petition against F.C.I. Elkton Warden J.T. Shartle. He seeks relief from the determination of the Bureau of Prisons (BOP) that he is ineligible for a 180 days sentence reduction under 18 U.S.C. § 3621(e)(2)(B) for his successful completion of a drug treatment program. For the reasons stated below, the petition for writ of habeas corpus is dismissed.

BACKGROUND

On October 12, 2005, petitioner pleaded guilty to conspiracy to distribute heroin, conspiracy to distribute cocaine, and several other counts of heroin distribution in violation of 21 U.S.C. §§ 846 and 841(B)(1)(b) & (c). He was sentenced to 51 months in prison.

Once incarcerated, petitioner enrolled in the prison's Drug Treatment Program.

After completing the program he was advised that it did "not appear that petitioner was provisionally eligible for an early release." (Pet. at 2.) The BOP's ineligibility determination was allegedly based on 18 U.S.C. § 3621(c) and the fact that petitioner's offense contained a "2 point enhancement which is an exclusionary offense under the director's discretion in categorization of offense policy." (Pet. at 2.)

## ANALYSIS

Petitioner now seeks habeas relief on the following ground: "[T]he contradiction of what his denial for early release is when a reading of 18 [U.S.C.]§3621(e) do [sic] not in any way state that the petitioner is not eligible for early release." (Pet. at 5.) Citing the Sixth Circuit's opinion in *Hobbs v. Hemingway*, No. 04-CV-70678-DT (6th Cir. 2004), petitioner contends that "18 [U.S.C.]§ 3621(e) is a thinly disguised program statement 5162.04, which is being relied upon by the BOP to deny petitioner's eligibility for early release now that he has completed the institution's Drug Treatment Program." (Pet. at 4.) He asserts that the BOP's decision to exclude him from early release violates his right to due process and equal protection. As further support, he cites the Ninth Circuit's holding in *Paulsen v. Daniels*, # 03-35337 [413 F.3d 999, 1008 (9th Cir.2005)], which found the interim 1997 regulation, codified at C.F.R. § 550.58(a), to be a "substantive" rule and invalid for failing to provide thirty (30) days for the notice and comment required by Section 553(b), (c), and (d), of the Administrative Procedures Act (APA), 5 U.S.C. § 505 *et seq*.

## 28 U.S.C. § 2241

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being

executed. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir.1998). Where, as here, petitioner's custody is located within the Northern District of Ohio, this court has personal and subject matter jurisdiction over petitioner's challenge to the BOP's determination that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B). *See Perez v. Hemingway*, 157 F.Supp.2d 790, 793 (E.D. Mich. 2001).

## SENTENCE REDUCTION

Pursuant to 18 U.S.C. § 3621(e)(2)(B), the BOP may, in its discretion, reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following the successful completion of a substance abuse treatment program: "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." *Id*. The BOP adopted 28 C.F.R. § 550.58 as a guide for the implementation of the early release program. The regulation states in pertinent part:

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> \*       \*       \*
> (vi) Inmates whose current offense is a felony:
> \*       \*       \*
> (B) that involved the carrying, possession, or use of a firearm.

28 C.F.R. § 550.58(a)(1)(vi)(B).

Seven years ago, the Supreme Court upheld § 550.58 and determined that the BOP, pursuant to its discretion to prescribe additional early release criteria, is entitled to categorically exclude certain inmates from early release. *Lopez v. Davis*, 531 U.S. 230, 238-245 (2001). The Court stated that "the Bureau need not blind itself to preconviction conduct that the agency reasonably views as jeopardizing life and limb." *Id*. at 242. "The Bureau may consider aspects of

the conduct of conviction, even though the conviction is a criterion of statutory eligibility." *Id* at 243.

Ignoring *Lopez*, petitioner instead relies heavily on *Paulsen*, in which the Ninth Circuit held that the BOP violated the notice and comment requirements of the APA, by making its 1997 Interim Regulation with respect to program eligibility retroactively effective on October 9, 1997, where it had only been promulgated nearly a week later, on October 15, 1997. *Paulsen*, 413 F.3d at 1003-04 (citing 5 U.S.C. § 553(b) and (d)). In determining the appropriate remedy, the Ninth Circuit held:

> The effect of invalidating an agency rule is to reinstate the rule previously in force. Because the rule previously in force, the 1995 regulation, erroneously interpreted 18 U.S.C. § 3621(e)(2)(B), the applicable rule is the final rule that was effectuated on December 22, 2000. The subsequent enactment of the final rule can only have prospective effect. Therefore, the 1997 interim regulation is invalid as to those persons disqualified by it prior to the issuance of the final rule.

*Id*. at 1005 (internal citations omitted). The decision in *Paulsen*, however, only addresses those federal prisoners who were categorically denied eligibility for the sentence reduction under the 1997 Interim Rule from October 9, 1997 to December 21, 2000. Thereafter, the 2000 Final Rule became effective. Because Mr. Wynn did not plead guilty until nearly five years after the Final Rule and did not complete the substance abuse program until some point thereafter, he does not fall within the narrow class of prisoners to whom the holding in *Paulsen* might apply.

The question *Lopez* answered is whether the BOP exceeded its discretion in establishing certain early release requirements. The Supreme Court, and another Ninth Circuit opinion unequivocally held that the BOP did not exceed its discretion. *See Lopez* 531 U.S. at 242; *Bowen v. Hood*, 202 F.3d 1211 (9th Cir.2000).

EQUAL PROTECTION CLAUSE

Petitioner claims that 18 U.S.C. § 3621 is a "thinly disguished [sic] program statement 5162.04, which is being relied upon by the BOP to deny petitioner's eligibility for early release now that he has completed the institution's Drug Treatment Program. [. . . T]he BOP's decision to exclude him from early release violates his right to [. . .] equal protection." (Pet. at 4.) The statute provides, in relevant part:

> Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau <u>under such conditions as the Bureau deems appropriate</u>.

18 U.S.C. § 3621(2)(A)(emphasis added.) Where, as here, a statutory challenge is made on constitutional equal protection grounds, the general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate government interest. *See City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 440 (1985); *Von Robinson v. Marshall*, 66 F.3d 249, 251 (9th Cir.1995).

In order to establish a violation of equal protection, petitioner must show that the statute is not rationally related to any conceivable legitimate legislative purpose. *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir.2000). Under this standard, the statute will be afforded a strong presumption of validity and must be upheld as long as "there is a rational relationship between the disparity of treatment and some legitimate government purpose." *Heller v. Doe*, 509 U.S. 312, 320 (1993). Where there are "plausible reasons" for the legislature's action, the court's inquiry is at an end; "[i]t is, of course, 'constitutionally irrelevant whether this reasoning in fact underlay the legislative decision[.]' " *U.S. Railroad Retirement Bd. v. Fritz*, 449 U.S. 166, 179 (1980) (quoting *Flemming v. Nestor*, 363 U.S. 603, 612 (1960)).

Here, the Supreme Court has already held that "the Bureau may categorically

exclude prisoners based on their preconviction conduct." *Lopez*, 531 U.S. at 244. Moreoever, petitioner is not in any suspect class as a prisioner, *see Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997), and his claim does not involve a fundamental right. Therefore, petitioner's unsupported equal protection claim is dismissible as being conclusory. *See Blackburn v. Fisk University*, 443 F.2d 121 (6th Cir.1971).

DUE PROCESS

In order to state a claim under the Due Process Clause, the procedure must create a liberty interest sufficient for due process protection. Such a liberty interest must be based upon a "legitimate claim of entitlement." *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577(1972)). Nothing in the Constitution, or 18 U.S.C. § 3621(e)(2)(B), or the original 28 C.F.R. § 550.58 creates a liberty interest in early release. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983) (where statute leaves decisionmaker with unfettered discretion over grant or denial of benefit, no liberty interest in that benefit); *Greenholtz*, 442 U.S. at 7 (no generalized constitutional right to reduced sentence).

Mr. Wynn's constitutional challenge to the BOP's categorical exclusion is precluded by directly applicable Supreme Court precedent in *Lopez*. In the wake of *Lopez*, district courts have routinely concluded that prisoners who complete the substance abuse program for nonviolent offenders do not have any constitutionally-protectable liberty interest in actually receiving a reduced sentence. *See, e.g., Pizarro-Calderon v. Chavez*, 327 F.Supp.2d 131, 135 (D.P.R. 2004).

CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243.

The court certifies that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: June 30, 2008

                                               **HONORABLE SARA LIOI**
                                               **UNITED STATES DISTRICT JUDGE**